John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
**SCOTT+SCOTT ATTORNEYS AT LAW LLP**
600 W. Broadway, Suite 3300
San Diego, CA 92101
Tel.: 619-233-4565
Fax: 619-233-0508

*Attorneys for Plaintiffs Bill Merewhuader,
Christopher Polite, Tim Viane, and Kayla Blacksher*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL MEREWHUADER, CHRISTOPHER POLITE, and TIM VIANE, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>SAFEMOON LLC, SAFEMOON US, LLC, SAFEMOON CONNECT, LLC, SAFEMOON LTD, SAFEMOON PROTL LTD, SAFEMOON MEDIA GROUP LTD, BRADEN JOHN KARONY, JACK HAINES-DAIVE, RYAN ARRIAGA, SHAUN WITRIOL, HENRY "HANK" WYATT, JAKE PAUL, NICK CARTER, DeANDRE CORTEZ WAY, BENE PHILLIPS, and MILES PARKS McCOLLUM,<br><br>Defendants. | Case No. 2:22-cv-01108-SVW-MRW<br><br>**PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE** |

*Caption Continued on Following Page.*

| | |
|---|---|
| KAYLA BLACKSHER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v. | Case No. 2:22-cv-01527-SVW-MAR |

| | |
|---|---|
| 1 | SAFEMOON LLC, SAFEMOON US, LLC, SAFEMOON CONNECT, LLC, TANO LLC, SAFEMOON LTD, SAFEMOON PROTOCOL LTD, SAFEMOON MEDIA GROUP LTD, BRADEN JOHN KARONY, JACK HAINES-DAVIES, RYAN ARRIAGA, SHAUN WITRIOL, HENRY "HANK" WYATT, THOMAS SMITH, KYLE NAGY, JAKE PAUL, NICK CARTER, DeANDRE CORTEZ WAY, BEN PHILLIPS, MILES PARKS McCOLLUM, and DANIEL M. KEEM, |
| | Defendants. |

# PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE

## I. INTRODUCTION

In response to the Court's April 5, 2022 Order to Show Cause, Plaintiffs Bill Merewhuader, Christopher Polite, Tim Viane (Plaintiffs in *Merewhuader v. SafeMoon LLC*, Case No. 2:22-cv-01108-SVW-MAR ("*Merewhuader*")), and Kayla Blacksher (Plaintiff in *Blacksher v. SafeMoon LLC*, Case No. 2:22-cv-1527-SVW-MAR ("*Blacksher*")) respectfully request that the Court issue an order consolidating the actions.

## II. ARGUMENT

### A. Consolidation Is Appropriate

The *Merewhuader* and *Blacksher* actions arise out of the same set of operative facts and otherwise meet the standards for consolidation pursuant to Fed. R. Civ. P. Rule 42(a). Although the two cases pursue claims under different legal theories, both the *Merewhuader* and *Blacksher* actions arise out of the same factual predicate, namely, the development and sale of the "SafeMoon" token and the resultant losses suffered by plaintiff investors. Thus, the *Merewhuader* and *Blacksher* actions should be consolidated for pretrial proceedings because doing so is in the interest of judicial economy and poses no risk of delay or prejudice. Where, as here, two or more actions before the court involve a common question of law or fact, Rule 42(a) permits the court to: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay. Fed. R. Civ. P. 42 (a). *Power Integrations, Inc. v. Chan-Woong Park*, No. 16-cv-02366-BLF, 2019 WL 119969, at *2 (N.D. Cal. Jan. 7, 2019) ("The Court need find only one issue of law or fact in common to permit consolidation.").

In deciding whether to consolidate cases for pretrial purposes, "'a court weighs the interest of judicial convenience against the potential for delay, confusion

and prejudice caused by consolidation.'" *In re Oreck Corp. Halo Vacuum and Air Purifiers Mktg. and Sales Practices Litig.*, 282 F.R.D. 486, 490 (C.D. Cal. 2012) (citation omitted); *Huene v. United States*, 743 F.2d 703, 704, *on reh'g*, 753 F.2d 1081 (9th Cir. 1984). Fed. R. Civ. P. 42(a) gives district courts broad discretion to consolidate cases pending in the same district, and "typically, consolidation is favored." *Oreck*, 282 F.R.D. at 490 (citing *Perez-Funez v. Dist. Dir., I.N.S.*, 611 F. Supp. 990, 994 (C.D. Cal. 1984)).

### B. The Court Should Set a Schedule for the Filing of a Consolidated Complaint Following PSLRA Lead Plaintiff and Lead Counsel Appointment

Because Plaintiff Blacksher asserted claims under the federal securities laws, a schedule for the filing of a consolidated complaint and defendants' response thereto should be temporarily stayed. Pursuant to the Private Securities Litigation Reform Act (the "PSLRA"), the plaintiff who files a securities class action shall publish notice to the class within 20 days of filing the action informing the class members of their right to seek appointment as lead plaintiff. Not later than 60 days after the date on which the notice is published, any member of the class may move the court to serve as lead plaintiff of the class. Thereafter, the court shall appoint lead plaintiff and lead counsel. *See* 15 U.S.C. §77z-1(a)(3)(A) & (B). Plaintiff Blacksher published notice on March 8, 2022 and the lead plaintiff deadline is May 9, 2022.

Following the appointment of lead plaintiff and lead counsel, the lead plaintiff will need to file a consolidated complaint or deem the existing complaint as the operative complaint. In the interest of judicial economy, Plaintiffs request that no defendant be required to respond to the existing complaints in the *Merewhuader* or *Blacksher* actions pending appointment of a lead plaintiff and the subsequent filing

of an amended complaint or designation of the existing complaint as the operative complaint.

## III. CONCLUSION

For the above reasons, the Court should consolidate the *Merewhuader* and *Blacksher* actions and order the filing of a consolidated complaint following appointment of a lead plaintiff pursuant to the PSLRA.

Respectfully submitted,

DATED: April 12, 2022

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/ John T. Jasnoch*
John T. Jasnoch (CA 281605)
jjasnoch@scott-scott.com
600 W. Broadway, Suite 3300
San Diego, CA 92101
Telephone: 619-233-4565
Facsimile:  619-236-0508

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 12, 2022, I electronically filed the foregoing with the Clerk using CM / ECF, which will send notification via electronic means to all counsel of record.

DATED: April 12, 2022

**SCOTT+SCOTT ATTORNEYS AT LAW LLP**

*s/ John T. Jasnoch*
John T. Jasnoch

4
PLAINTIFFS' RESPONSE TO ORDER TO SHOW CAUSE
CASE NOS. 2:22-cv-01108-SVW-MRW; 2:22-CV-01527-SVW-MAR